**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO ORNELAS, | ) 1:13-cv-00224-LJO-BAM (PC) |
| Plaintiff, | ) |
| | ) SCREENING ORDER DISMISSING FIRST |
| v. | ) AMENDED COMPLAINT AND |
| | ) GRANTING LEAVE TO AMEND |
| CORRECTIONAL HEALTH CARE | ) (ECF No. 11) |
| SERVICES, et al., | ) |
| | ) THIRTY-DAY DEADLINE |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

**I.      Screening Requirement and Standard**

Plaintiff Ernesto Ornelas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on February 13, 2013.  On April 18, 2014, the Court granted Plaintiff leave to file an amended complaint.  Plaintiff's first amended complaint, filed on May 21, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

1    A complaint must contain "a short and plain statement of the claim showing that the

2  pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

3  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

4  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937,

5  1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65

6  (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge

7  unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)

8  (internal quotation marks and citation omitted).

9    Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

10  liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338,

11  342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially

12  plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each

13  named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949

14  (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir.

15  2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere

16  consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at

17  678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

18    **II.    Plaintiff's Allegations**

19    Plaintiff is incarcerated at the California Correctional Institution in Tehachapi, California,

20  where the events the complaint are alleged to have occurred.  Plaintiff names the following

21  defendants:  (1) Correctional Health Care Services; (2) Dr. H. Tate; (3) Dr. S. Shiesha; (4) Dr. A.

22  Joaquin; (5) L. D. Zamora, Chief Health Care; and (6) Dr. Vu.

23    Plaintiff alleges as follows:  Plaintiff is suffering from severe lower back pain in his

24  lumbar spine.  On November 7, 2012, an x-ray of Plaintiff's cervical spine showed severe

25  anterior spurring and severe spondylosis with moderate degenerative disk narrowing at C-5-6.

26  On November 27, 2013, an additional x-ray of the cervical spine showed mild degenerative

27  changes at C-5-6 and minimal neural foraminal narrowing on the left.

28

1      Plaintiff asserts that he is in a continual state of discomfort with pain and numbness due

2  to the impingement of his left upper extremity.  Plaintiff was seen by Dr. Bingamon concerning

3  left should pain and near pain.  Dr. Bingaman submitted a request for physical therapy, along

4  with a request for consideration of advanced imaging studies of the cervical spine if adequate

5  relief with therapy was not obtained.

6      On September 6, 2013, Plaintiff was evaluated by Dr. Paik of the Pacific Orthopedic

7  Medical Group.  Dr. Paik recommended neurological consultation (E.M.G. Nerve conduction

8  test of the left upper extremity) and a follow-up after the study.

9      On September 24, 2013, Plaintiff's primary physician, Dr. Vu, acknowledged that

10  Plaintiff continues to have aching pain/numbness down his left upper extremity as well as

11  numbness of his ring/5th finger.

12      On October 15, 2013, Plaintiff underwent a neurological test, which showed mild left

13  ulnar sensory neuropathy.  Plaintiff was seen by Dr. Paik as a follow-up after the neurological

14  study.  Dr. Paik reiterated that Plaintiff had radiculopathy of his left upper extremity.  On

15  November 15, 2013, Dr. Paik recommended an x-ray of the cervical spine, an MRI of the

16  cervical spine and isometrix therapy.

17      Throughout testing and evaluation, Plaintiff endured daily pain/numbness and suffering

18  of his lumbar spine, cervical spine and left shoulder.  Dr. Vu reviewed Dr. Paik's report and the

19  EMG.  Dr. Vu noted that Plaintiff was still complaining of pain, numbness and tingling down the

20  left upper extremity and the ring/5th finger after the EMG test showed nerve impingement.

21      On February 6, 2014, Plaintiff finished physical therapy as recommended by Dr. Paik.

22  Upon completion of physical therapy, Physical Therapist Tomason stated that Plaintiff did not

23  appear to be progressing as expected and further diagnostic studies and podiatrist referral should

24  be considered.

25      On April 9, 2014, Plaintiff was seen by Dr. Vu.  At that time, Dr. Vu stated that

26  Plaintiff's neck and left shoulder pain was stable with his current regimen.  Plaintiff alleges that

27  he is in a great deal of discomfort, pain and numbness in his feet, legs, lumbar spine, cervical

28

1   spine and left shoulder due to Dr. Vu's refusal to further treat all of Plaintiff's documented

2   ailments.

3         Plaintiff seeks compensatory and punitive damages.

4   **III.     Discussion**

5   **A.     Federal Rule of Civil Procedure 8**

6         Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and

7   plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

8   Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

9   of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678

10  (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

11  claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S.

12  at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also

13  Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

14        Plaintiff has failed to set forth sufficient facts upon which he bases his claims against

15  Defendants Correctional Health Care Services, Dr. H. Tate, Dr. S. Shiesha, Dr. A. Joaquin, and

16  L. D. Zamora.  Indeed, Plaintiff does not reference these defendants in any of his factual

17  allegations.  If Plaintiff chooses to amend his complaint, he must clearly identify the claims

18  against Defendants Correctional Health Care Services, Dr. H. Tate, Dr. S. Shiesha, Dr. A.

19  Joaquin, and L. D. Zamora and the facts upon which he bases those claims.

20  **B.     Linkage Requirement**

21        The Civil Rights Act under which this action was filed provides:

22        Every person who, under color of [state law] ... subjects, or causes to be
        subjected, any citizen of the United States ... to the deprivation of any rights,
23      privileges, or immunities secured by the Constitution ... shall be liable to the party
        injured in an action at law, suit in equity, or other proper proceeding for redress.
24

25  42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between

26  the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See

27  Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978);

28  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held

1   that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning

2   of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits

3   to perform an act which he is legally required to do that causes the deprivation of which

4   complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

5          Plaintiff has failed to link Defendants Correctional Health Care Services, Dr. H. Tate, Dr.

6   S. Shiesha, Dr. A. Joaquin, and L. D. Zamora to any constitutional violation.  If Plaintiff elects to

7   amend his complaint, Plaintiff must link the actions of these defendants to an alleged

8   deprivation.

9          To the extent Plaintiff seeks to bring suit against any of these defendants based on their

10  role as a supervisor, he may not do so.  Supervisory personnel may not be held liable under

11  section 1983 for the actions of subordinate employees based on respondeat superior or vicarious

12  liability.  Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California

13  Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Moss, 711 F.3d at 967-68;

14  Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).  "A supervisor may

15  be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there

16  is a sufficient causal connection between the supervisor's wrongful conduct and the

17  constitutional violation."  Crowley, 734 F.3d at 977 (citing Snow v. McDaniel, 681 F.3d 978,

18  989) (9th Cir. 2012) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75;

19  Lacey, 693 F.3d at 915-16.  "Under the latter theory, supervisory liability exists even without

20  overt personal participation in the offensive act if supervisory officials implement a policy so

21  deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a

22  constitutional violation."  Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646

23  (9th Cir. 1989)) (internal quotation marks omitted).

24         Plaintiff has not alleged that Defendants Dr. H. Tate, Dr. S. Shiesha, Dr. A. Joaquin, and

25  L. D. Zamora were personally involved the constitutional deprivation or that they instituted a

26  deficient policy.

27  ///

28  ///

1     **C.**        **Eighth Amendment – Deliberate Indifference to Serious Medical Need**

2     "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

3 inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d

4 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50

5 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show

6 (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could

7 result in further significant injury or the 'unnecessary and wanton infliction of pain,' "and (2)

8 "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096;

9 Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

10     Deliberate indifference is shown where the official is aware of a serious medical need and

11 fails to adequately respond. Simmons, 609 F.3d at 1018. "Deliberate indifference is a high legal

12 standard." Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison

13 official must be aware of facts from which he could make an inference that "a substantial risk of

14 serious harm exists" and he must make the inference. Farmer, 511 U.S. at 837.

15     Plaintiff has not stated a cognizable claim for deliberate indifference to serious medical

16 needs.  There is no indication that any officials failed to respond to Plaintiff's pain and

17 numbness.  Instead, according to Plaintiff's allegations, he has received outside consultation and

18 physical therapy to address his complaints.  To the extent Plaintiff disagrees with Defendant

19 Vu's treatment decisions, this is not sufficient to state a cognizable Eighth Amendment claim.

20 Toguchi, 391 F.3d at 1057-58, 1060 (a difference of opinion between a healthcare professional

21 and a prisoner does not rise to the level of deliberate indifference; negligence in diagnosing or

22 treating a medical condition also does not amount to deliberate indifference).  Plaintiff will be

23 given leave to cure these deficiencies

24     **IV.**      **Conclusion and Order**

25     Plaintiff's amended complaint violates Federal Rule of Civil Procedure 8 and fails to

26 state a cognizable claim.  As noted above, the Court will provide Plaintiff with the opportunity to

27 file an amended complaint to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122,

28 1130 (9th Cir. 2000).

1    Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

2  each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal,

3  556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations

4  must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S.

5  at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by

6  adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607

7  (7th Cir. 2007) (no "buckshot" complaints).

8    Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

9  Lacey, 693 F.3d at 927.  Therefore, Plaintiff's amended complaint must be "complete in itself

10  without reference to the prior or superseded pleading."  Local Rule 220.

11    Based on the foregoing, it is HEREBY ORDERED that:

12    1.    The Clerk's Office shall send Plaintiff a complaint form;

13    2.    Plaintiff's complaint is dismissed for failure to state a cognizable claim;

14    3.    Within thirty (30) days from the date of service of this order, Plaintiff shall file a

15    second amended complaint; and

16    4.    If Plaintiff fails to file a second amended complaint in compliance with this order,

17    this action will be dismissed for failure to obey a court order.

18

19  IT IS SO ORDERED.

20    Dated:   **May 22, 2014**        /s/ *Barbara A. McAuliffe*

21                    UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28