UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO ORNELAS,<br><br>           Plaintiff,<br><br>     v.<br><br>CORRECTIONAL HEALTH CARE SERVICES, et al.,<br><br>           Defendants. | 1:13-cv-00224-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>FOURTEEN-DAY DEADLINE |

**I.      Screening Requirement and Standard**

Plaintiff Ernesto Ornelas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on February 13, 2013. On May 23, 2014, the Court dismissed Plaintiff's first amended complaint with leave to amend. (ECF No. 12.) Plaintiff's second amended complaint, filed on August 11, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is incarcerated at the California Correctional Institution in Tehachapi, California, where the events the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Dr. H. Tate; (2) Dr. S. Shiesha; (3) Dr. A. Joaquin; and (4) L. D. Zamora, Chief Health Care Services.

Plaintiff is a 57-year-old prisoner with an extensive history of chronic lower back pain that radiates to his hip and leg area. When Plaintiff was 15 years old, he fell off a two story building and was temporarily paralyzed. Plaintiff has difficulty walking or standing for prolonged periods and was taking 60 mg of morphine twice a day for pain.

On May 20, 2009, Plaintiff transferred to Ironwood State Prison. On December 11, 2009, Plaintiff underwent magnetic resonance imaging (MRI) of his lumbar spine. The MRI report

revealed mild degenerative disk disease, minimal to mild circumferential disc bulges, bilateral fact hypertrophy and mild bilateral neural foramen narrowing.  Following the MRI, Plaintiff was referred to a spine specialist.

On April 16, 2010, Plaintiff was evaluated at the orthopedic surgical spine clinic and underwent a nerve conduction study.  The study found mild degenerative disk disease, herniated nucleus pulposus with foraminal stenosis right greater than left, right S1 radiculopathy by nerve conduction study.  Plaintiff was referred for a trial of epidural injections, along with continuing pain medication.  On December 1, 2010, epidural injections were given to Plaintiff at Alvarado Hospital, but they did not help relieve the painful symptoms.

Plaintiff transferred to CCI.  In April 2012, Plaintiff filled out a CDCR-7362 health care services request form to see a doctor regarding his chronic lower back pain.  Defendants denied Plaintiff access to a spine specialist and pain management.

<u>Count 1</u> – Defendant Tate

Plaintiff alleges that Defendant Tate violated his Eighth Amendment rights.  On May 2, 2012, Plaintiff had a medical appointment with Dr. Tate regarding Plaintiff's chronic lower back pain due to degenerative disk disease, arthritis, herniated disk and annular tear.  Plaintiff reported sharp pain in his hips, buttocks and back of thighs, along with numbness to his legs and feet.  Plaintiff asked to be referred to a spine specialist and a pain specialist.  Plaintiff also requested a disability chrono for a waist chain, along with a lower tier/lower bunk.  Dr. Tate denied Plaintiff's requests.

On May 17, 2012, Plaintiff filed a grievance CDCR 602 regarding Dr. Tate's refusal to provide an accommodation chrono.  Plaintiff also complained that Dr. Tate was not a spine specialist and refused to identify the source of the pain or provide adequate pain medication.

Plaintiff alleges that Dr. Tate denied Plaintiff treatment by a spine specialist, adequate pain management, a waist chain chrono and a lower tier/lower bunk chrono.  Plaintiff also alleges that Dr. Tate allowed Plaintiff to suffer ongoing pain and did not provide Plaintiff with any real relief of pain or medical treatment consistent with his injuries.

Count 2 – Dr. Shiesha

On June 12, 2012, Dr. Shiesha denied Plaintiff's grievance at the first level. Dr. Shiesha denied Plaintiff's request for a spine specialist, pain management, referral to podiatry, a waist chain chrono, a lower tier/lower bunk. Dr. Shiesha reported stated, "That no relief from ongoing documented pain will be given." (ECF No. 19, p. 9.) Dr. Shiesha denied any meaningful relief for ongoing pain.

Plaintiff alleges that he was evaluated on April 16, 2012, by the orthopedic surgical spine clinic.[1] He was to continue on his pain medication, 60 mg of morphine twice a day for extreme pain. (ECF No. 19, p. 9 and Ex. B.) On April 16, 2010, the orthopedic surgical spin clinic acknowledged Plaintiff's use of a cane for ambulation. Plaintiff contends that Dr. Shiesha was well aware of the reports made by the spine specialist in 2010, but denied Plaintiff's request for relief, including his request to see a spine specialist.

Count III – Dr. A. Joaquin

Plaintiff alleges that Defendant Joaquin violated his Eighth Amendment rights. On July 26, 2012, Dr. Joaquin partially granted Plaintiff's appeal. After acknowledging that MRI and nerve conduction study reports supported Plaintiff's claim of serious pain, Dr. Joaquin refused to refer Plaintiff to a spine specialist or neurosurgeon and refused the waist chain and lower tier/lower bunk chrono. Plaintiff also asserts that Defendant Joaquin refused to refer Plaintiff to a pain management specialist.

Count IV – Dr. L. D. Zamora

Plaintiff alleges that Defendant Zamora violated Plaintiff's Eighth Amendment rights. On December 11, 2012, Dr. Zamora stated that no changes or modifications were required for Plaintiff's request for pain management, medical treatment of lumbar spine, waist chain chrono, or lower tier/lower bunk chrono. Defendant Zamora refused to alleviate Plaintiff's chronic pain, refused to grant referral to a spine specialist or pain management committee, and refused to grant Plaintiff a waist chain and lower tier/lower bunk chrono.

---

[1] The 2012 date appears to be an error. See Pl's Ex. B.

### III.     Discussion

**Eighth Amendment – Deliberate Indifference to Serious Medical Need**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' "and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons, 609 F.3d at 1018. "Deliberate indifference is a high legal standard." Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer, 511 U.S. at 837.

Plaintiff has not stated a cognizable claim for deliberate indifference to serious medical needs against any of the named defendants.

Dr. Tate

Plaintiff complains that Dr. Tate did not provide treatment consistent with spine specialist evaluation completed in 2010.  According to the exhibits, however, Plaintiff was treated by Dr. Tate in 2012, several years after the spine evaluation.  In 2012, based on examination, Dr. Tate prescribed medication for pain and referred for x-rays of his spine.  (ECF No. 19, Exs. G, H.)  The x-rays, taken on November 27, 2013, showed only "mild degenerative changes of the cervical spine."  (ECF No. 19, Ex. I.).  There is no indication that Defendant Tate failed to respond to Plaintiff's pain and complaints in 2012.

At best, Plaintiff alleges a disagreement with Defendant Tate's treatment decisions, including the failure to provide referrals and chronos.  This is not sufficient to state a cognizable Eighth Amendment claim. Toguchi, 391 F.3d at 1057-58, 1060 (a difference of opinion between

a healthcare professional and a prisoner does not rise to the level of deliberate indifference; negligence in diagnosing or treating a medical condition also does not amount to deliberate indifference). A difference of opinion may support a deliberate indifference claim if the prisoner can "show that the course of treatment the doctors chose was medically unacceptable under the circumstances," and "that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). In this instance, however, Plaintiff's exhibits, including his x-rays, showed only mild degenerative changes during his course of treatment by Dr. Tate in 2012 for which Dr. Tate treated Plaintiff. (Exs. G, I.) Accordingly, Plaintiff has not appropriately alleged that Dr. Tate chose a course of treatment in conscious disregard of an excessive risk to Plaintiff's health.

Drs. Shiesha and Joaquin, Defendant Zamora

Plaintiff fails to state a cognizable claim for deliberate indifference to serious medical needs against the reviewers of his 602 complaint, Defendants Shiesha, Joaquin, and Zamora. First, the prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993). Second, and more importantly, Plaintiff has failed to establish that Defendants Shiesha, Joaquin and Zamora were deliberately indifferent to a serious medical need. Rather, Plaintiff again alleges only a difference of opinion between the treatment he believed that he required and the opinion of Dr. Tate and other prison medical staff. This is not sufficient to state a cognizable Eighth Amendment claim. Toguchi, 391 F.3d at 1057-58, 1060.

**IV.     Conclusion and Recommendations**

Plaintiff's second amended complaint fails to state a cognizable section 1983 claim. Plaintiff was previously granted leave to amend his complaint, but has been unable to state a cognizable claim. As such, further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED based on Plaintiff's failure to state a cognizable section 1983 claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 17, 2014**                    /s/ *Barbara A. McAuliffe*
                                                 UNITED STATES MAGISTRATE JUDGE